UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LAKISHA C.,[1]

                                                    Plaintiff,           Case # 23-cv-0196-FPG

v.                                                                          DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                                Defendant.
_____

## INTRODUCTION

On August 14, 2019, plaintiff Lakisha C. ("Plaintiff") applied for supplemental security income under Title XIV of the Social Security Act (the "Act"), alleging disability beginning on November 30, 2017. Tr.[2] 102. Plaintiff's claim was denied by the Social Security Administration on October 8, 2020, and again upon reconsideration on March 23, 2021. *Id.* Thereafter, Plaintiff requested a hearing, which was held online on November 18, 2021 before Administrative Law Judge Sheena Barr ("ALJ"). *Id.* On February 2, 2022, the ALJ issued an unfavorable decision, finding that Plaintiff was not disabled. *Id.* Plaintiff then appealed to the Appeals Council requesting review of the ALJ's decision and submitting additional evidence that had not been in the record before the ALJ. Tr. 6, 422-71, 642-44. The Appeals Council denied her request for review on January 27, 2023. Tr. 1. Plaintiff then appealed to this Court.[3] ECF No. 1.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 8, 9. For the reasons that follow, Plaintiff's motion is DENIED, the Commissioner's motion is GRANTED, and the final decision of the Commissioner is AFFIRMED.

---

[1] In order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff using only her first name and last initial in accordance with this Court's Standing Order issued November 18, 2020.

[2] "Tr." refers to the administrative record in this matter. ECF No. 5.

[3] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

1

**LEGAL STANDARD**

I.   **District Court Review**

When it reviews a final decision of the Social Security Administration ("SSA"), it is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted). "If the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld." *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014).

II.   **Disability Determination**

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of her age, education, and

work experience. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. § 416.920.

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits using the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 14, 2019. Tr. 104. At step two, the ALJ found that Plaintiff has several severe impairments, including degenerative disc disease with facet arthropathy. *Id.* At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the Listings. Tr. 105-06. The ALJ determined that Plaintiff maintained the residual functional capacity to "perform sedentary work as defined in 20 CFR 416.967(a) except . . . [she] can occasionally climb, balance, stoop, crouch, kneel, and crawl." Tr. 106.

At step four, the ALJ concluded that Plaintiff has no past relevant work. Tr. 109. At step five, the ALJ concluded that there were jobs that existed in the economy that Plaintiff could perform. Tr. 109-10. As such, the ALJ found that Plaintiff was not entitled disability benefits. Tr. 110.

### II. Analysis

Plaintiff argues that remand is warranted because the Appeals Council failed to consider new evidence submitted to it in her request to review the ALJ's decision. Plaintiff contends that this new evidence would have created the reasonable probability of changing the ALJ's decision had it been considered. ECF No. 8-1 at 11. The Court disagrees.

The Appeals Council must consider additional evidence so long as it is new, material, and relates to the period on or before the ALJ's decision. See 20 C.F.R. § 416.1470 (a)(5), (b); *see also*

*Rutkowski v. Astrue*, 368 F. App'x 226, 229 (2d Cir. 2010) (summary order) ("[T]he Appeals Council, in reviewing a decision based on an application for benefits, will consider new evidence only if (1) the evidence is material, (2) the evidence relates to the period on or before the ALJ's hearing decision, and (3) the Appeals Council finds that the ALJ's decision is contrary to the weight of the evidence, including the new evidence."); *Lisa v. Sec'y of Dep't of Health & Human Servs. of U.S.*, 940 F.2d 40, 43 (2d Cir. 1991) ("An appellant must show that the proffered evidence is (1) 'new' and not merely cumulative of what is already in the record, and that it is (2) material, that is, both relevant to the claimant's condition during the time period for which benefits were denied and probative.") (internal citations omitted).

New evidence is "material" if it is both (1) "relevant to the claimant's condition during the time period for which benefits were denied" and (2) "probative." *Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004) (*quoting Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir.1988)) (internal quotation marks omitted). "The concept of materiality requires, in addition, a reasonable possibility that the new evidence would have influenced the [Commissioner] to decide claimant's application differently." *Id.*

Here, Plaintiff's additional evidence consisted of a July 2019 medical opinion from Dr. Sherban describing Plaintiff's functional limitations and treatment notes from two visits with Dr. Sherban in April 2019 and October 2019. ECF No. 8-1 at 12. While the Court agrees that the additional evidence was new to the record, Plaintiff has failed to demonstrate that there is a reasonable possibility that this new evidence would have influenced the ALJ to reach a different outcome in this case. *See Pollard*, 377 F.3d at 193.

Specifically, the additional evidence reveals Plaintiff's complaints of "lumbar spine pain with pain down both legs," Tr. 426, 435, as well as findings of antalgic gait, lumbar spine

tenderness and reduced range of motion. Tr. 426-455. These complaints and findings come from treatment notes that were taken during two separate visits with Dr. Sherban in April 2019 and October 2019. These complaints and findings are also all consistent with and overlap with other medical evidence that was considered by the ALJ in making her RFC determination. These complaints and findings from the new evidence are merely isolated moments in a series of visits to Dr. Sherban in 2019 and 2020, where Plaintiff makes the same complaints and Dr. Sherban makes the same general findings. The ALJ had access to the treatment notes relating these other visits with Dr. Sherban in January 2019 and January 2020, Tr. 969, 976, and considered them in her decision. Tr. 107-08.

In the newly supplied treatment notes from the April and October 2019 visit, Dr. Sherban discusses his assessment of an MRI of the Plaintiff's lumbar spine from January 24, 2018. Tr. 437, 453. On both occasions, Dr Sherban confirmed Plaintiff's diagnosis of lumbar spine pain and concluded that conservative treatment options were appropriate. The ALJ did not have access to these notes. However, in a subsequent visit in January 2020, Dr. Sherban, again discusses this same MRI in the treatment notes, but in comparison to a more recent MRI that was done in November 2019. Tr. 971. Dr. Sherban also compares his observations of the Plaintiff condition with the prior condition existing at the time of the prior notes and on that occasion recommended that Plaintiff undergo surgery. *Id.* In essence, the January 2020 treatment notes reflect a culmination of Dr. Sherban's medical observations over the prior year and are cumulative of the April and October 2019 treatment notes. The ALJ reviewed the January 2020 notes when making her determination. Tr. 107. Though new, the treatment notes from April and October 2019 are consistent with the subsequent treatment notes with Dr. Sherban that the ALJ did consider and do not compel a different determination because they are just individual components of a series of observations

made by the same doctor over a period of time for the same condition. Therefore, they are cumulative of evidence that the ALJ already considered and thus are unlikely to change the ALJ's determination.

Plaintiff argues that Dr. Sherban's medical opinions regarding her functional limitations would have made it reasonably probable that the ALJ reach a different outcome because Dr. Sherban indicated that she is "very limited" in walking, standing, sitting, lifting, carrying, pushing, pulling, bending, and climbing. Tr. 425. However, this additional medical commentary alone would not have compelled the ALJ to reach a different conclusion regarding Plaintiff's RFC. First, the ALJ is not required to give any medical opinion controlling weight. See 20 C.F.R. § 416.920c(a) ("We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources."). Second, the ALJ had access to the treatment notes on which this opinion was based and determined that those notes were consistent the medical opinions of the other doctors in the record, specifically, consultative examiner Dr. Nikita Dave, PA Michael Jenkins and Dr. Slate. Since those notes are consistent with the other medical opinions that do not prescribe such restrictive functional limitations, this opinion by Dr. Sherban could not also be consistent with, nor supported by, those same notes. Since Dr. Sherban's opinion is inconsistent with the other medical opinions and with the treatment records that support those other opinions, it would not be considered substantial evidence upon which to base an alternative RFC determination. Accordingly, this opinion does not create a reasonable probability that the ALJ would reach a different result, and is therefore not "material." Since the ALJ's RFC is consistent with the other medical opinions of the record, the determination that Plaintiff had the residual functional capacity for "sedentary work," is supported by substantial evidence. Tr. 106.

For these reasons, the Court finds that the evidence Plaintiff submitted to the Appeals Council was cumulative and did not provide any new substantive findings capable of altering the ALJ's decision or changing the outcome of the case, and therefore is not "material." Accordingly, the Appeals Council was not required to consider it in denying review of the ALJ's decision. Thus, the ALJ's decision remains supported by substantial evidence. *See also Leroy R. v. Comm'r of Soc. Sec.*, No. 1:20-CV-01299, 2022 WL 4128894, at *8 (W.D.N.Y. Sept. 12, 2022) (finding evidence submitted to the Appeals Council would not change the outcome of the ALJ's decision where the evidence was cumulative of evidence already considered).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 8, is DENIED, the Commissioner's motion for judgment on the pleadings, ECF No. 9, is GRANTED, and the complaint is DISMISSED WITH PREJUDICE. The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.
Dated: December 12, 2023
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York